UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　Plaintiff,<br><br>v.<br><br>**DARMON VONTA SHAW**<br>　　Defendant. | **CRIMINAL NO. 5:17-26-KKC**<br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on two Motions to Suppress filed by Defendant Darmon Vonta Shaw. (DE 191; DE 192.) For the reasons set forth below, Shaw's motions are denied.

**I. Factual Background**

On January 19, 2017, officers in Detroit, Michigan pulled over and executed an arrest warrant on Lamar Thornton, a co-defendant in this case. Shaw was a passenger in Thornton's car at the time, and the two individuals were placed in the back of a police cruiser while a search warrant was executed on Thornton's residence. While Shaw and Thornton were in the police cruiser, they used Shaw's phone to contact Thornton's girlfriend and advised her to tell her father to clean out his house. Shaw also used his phone to contact an unknown individual and advised him to destroy potential evidence. Thornton also referred to Shaw as "Johnny." Those calls and conversations were captured by recording equipment in the police cruiser.

Police later connected a cell phone to Shaw. The phone was registered in the name of "Johnny Shaw" with a Lexington, Kentucky address. The street address, however, matched Shaw's address in Detroit, Michigan. The DEA applied for a court order under the Stored Communications Act, 18 U.S.C. § 2703(c)(1)(B), (d), to obtain historical cell site location

information for the cell phone. The Order was issued by Magistrate Judge Edward B. Atkins on July 24, 2017. The cell site location information placed Shaw in Kentucky during a time that he was allegedly in the state selling heroin.

**II. Analysis**

Shaw first seeks to suppress the statements he made in the police cruiser on the grounds that they were obtained as the result of an illegal seizure. (DE 191.) The United States has responded and stated that it does not intend to introduce those statements during its case-in-chief. Accordingly, Shaw's motion is moot.

Shaw also seeks to suppress the cell site location information that shows that he was in Kentucky. In *Carpenter v. United States*, 138 S. Ct. 2206 (2018), the Supreme Court held that individuals have a reasonable expectation of privacy in the record of their physical movements captured by cell site location information and that acquisition of more than seven days of historical cell site location information constitutes a "search" under the Fourth Amendment. *Carpenter* is controlling law as of June 22, 2018, but at the time that the DEA obtained Shaw's cell site location information on July 24, 2017, the law in this Circuit was that the government did not conduct a "search" for Fourth Amendment purposes by obtaining historical cell site location information. *United States v. Carpenter*, 819 F.3d 880 (2016), *rev'd*, 138 S. Ct. 2206. The "sole purpose" of the exclusionary rule "is to deter future Fourth Amendment violations." *Davis v. United States*, 564 U.S. 229, 236–37 (2011). Thus "when the police act with an objectively 'reasonable good-faith belief' that their conduct is lawful . . . the 'deterrence rationale loses much of its force,' and exclusion cannot 'pay its way.'" *Id.* at 238 (quoting *United States v. Leon*, 468 U.S. 897, 909 (1984)). The DEA relied in good faith on a court order issued under the Stored Communications Act and the Sixth Circuit's decision in *Carpenter*, 819 F.3d 880, in obtaining Shaw's historic cell site location information.

Therefore, the good-faith exception to the exclusionary rule applies. *See United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018).

III. Conclusion

For the reasons set forth above, the Court **HEREBY ORDERS** that Defendant Darmon Vonta Shaw's Motion to Suppress recorded statements made while in custody (DE 191) is **DENIED** as moot and Shaw's Motion to Suppress cell site location information (DE 192) is **DENIED**.

Dated August 3, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY